IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **PROWIRE LLC,** | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civ. Action No.: |
| **APPLE INC.,** | § § | JURY DEMANDED |
| *Defendant*. | § § § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Prowire LLC ("Plaintiff" or "Prowire") makes the following claims for relief against Defendant Apple Inc. ("Defendant" or "Apple") as follows:

## NATURE OF LAWSUIT

1. This is a claim for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

## THE PARTIES

1. Plaintiff Prowire LLC is a Texas Limited Liability Company.

2. Upon information and belief, Defendant Apple Inc. is a corporation organized and existing under the laws of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple is registered in the State of Delaware as a foreign corporation, is actively operating in the State of Delaware, and its registered agent in the State is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§1331 and 1338(a).

4. Venue is proper within this District under 28 U.S.C. §§1391 and 1400(b). On information and belief, Defendant has committed acts of infringement in this District, has purposely transacted business in this District, has advertised and solicited business in this District, has committed acts of infringement in this District, and has established minimum contacts within this District.

5. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has conducted and does conduct business within this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District. On information and belief, Defendant generates millions of dollars of revenue in this District. On information and belief, Defendant maintains one or more retail stores and numerous employees in this judicial district. Apple's retail stores in this judicial district offer to sell and do sell infringing devices, as further described below. Having purposefully availed themselves of the privilege of conducting business with residents of this judicial district, Defendant should reasonably and fairly anticipate being brought into court here.

## INFRINGEMENT OF UNITED STATES PATENT NO. 6,137,390

6. Prowire incorporates by reference paragraphs 1-5 as if fully set forth herein.

7. On October 24, 2000, United States Patent No. 6,137,390 ("the '390 patent" or the patent-in-suit) entitled "Inductors with Minimized EMI Effect and the Method of Manufacturing the Same" was duly and legally issued after full and fair examination. Prowire is the owner of all right, title, and interest in and to the patent-in-suit by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. The patent-in-suit is attached hereto as Exhibit A.

8. The patent-in-suit is valid and enforceable.

9. Defendant has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the patent-in-suit in this judicial district and elsewhere in the United States, by making, using, importing, selling, and offering for sale consumer electronics products including tablet computers. One example line of Defendant's tablet computers is, without limitation, its line of iPad 4 tablet computers.

10. Claim 1 of the patent-in-suit states:

An inductor with enhanced inductance comprising:

(a) a magnetic core;

(b) an electrically conducting coil wound about said magnetic core;

(c) a magnetic resin layer compression-molded to embed at least a portion of an outer periphery of said electrically conducting coil;

(d) wherein said magnetic resin layer contains a magnetic powder dispersed in a polymer resin.

11.     The inductors used in Defendant's consumer electronics products including, for example and without limitation, its line of iPad 4 tablet computers, meet each and every element of at least claim 1 of the patent-in-suit.  For example and without limitation, the inductors shown in the following photographs meet each and every element of at least claim 1 of the patent-in-suit:





12.     The inductors used in Defendant's iPad 4 tablet computers have enhanced inductance.

13.     The inductors used in Defendant's iPad 4 tablet computers contain a magnetic core.



14.     The inductors used in Defendant's iPad 4 tablet computers contain an electrically conducting coil wound about said magnetic core.

15.     The magnetic resin layer contained in the inductors used in Defendant's iPad 4 tablet computers contains a magnetic powder dispersed in a polymer resin.



16. Defendant has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the patent-in-suit in this judicial district and elsewhere in the United States, by importing into the United States consumer electronics products that incorporate inductor devices made by a process patented in the United States, including, for example and without limitation, its line of iPad 4 tablet computers.

17. Claim 11 of the patent-in-suit states:

A method for making inductors with enhanced inductance comprising the steps of:

(a) winding an electrically conducting coil about a magnetic core;

(b) forming a magnetic resin layer by compression molding to embed at least a portion of an outer periphery of said electrically conducting coil;

(c) wherein said magnetic resin layer matrix contains a magnetic powder dispersed in a polymer resin.

6

18. The inductors used in Defendant's consumer electronics products imported into the United States including, for example and without limitation, its line of iPad 4 tablet computers, were made using a method that practices each and every step of claim 11 of the patent-in-suit.

19. The inductors used in Defendant's iPad 4 tablet computers have enhanced inductance.

20. The inductors used in Defendant's iPad 4 tablet computers were made using a method that includes winding an electrically conducting coil about a magnetic core.

21. The inductors used in Defendant's iPad 4 tablet computers were made using a method that includes forming a magnetic resin layer by compression molding to embed at least a portion of an outer periphery of said electrically conducting coil.

22. Defendant has been at no time, either expressly or impliedly, licensed under the patent-in-suit.

23. Defendant's acts of infringement have caused damage to Prowire. Prowire is entitled to recover from Defendant the damages sustained by Prowire as a result of the wrongful acts of Defendant in an amount subject to proof at trial.

24. To the extent required by law, Prowire has complied with the provisions of 35 U.S.C. § 287.

25. Prowire reserves the right to amend to assert a claim of willful infringement if the evidence obtained in discovery supports such assertion.

## DEMAND FOR JURY TRIAL

Prowire hereby demands a jury for all issues so triable.

# **PRAYER**

WHEREFORE, Prowire respectfully requests that the Court:

1. Enter judgment that Defendant has infringed the patent-in-suit;

2. Award Prowire compensatory damages for Defendant's infringement of the patent-in-suit, together with enhanced damages, costs, and pre-and post-judgment interest;

3. A judgment and order awarding enhanced damages, pursuant to 35 U.S.C. § 284, if Defendant's acts of infringement of the patent-in-suit are determined to be willful;

4. An award of all costs and reasonable attorney's fees against Defendant, pursuant to 35 U.S.C. §§ 284 and 285, based on its infringement of the patent-in-suit; and

5. Award any other relief deemed just and equitable.

DATED: March 2, 2017

Respectfully submitted,

/s/ *George Pazuniak*
George Pazuniak (DE Bar No. 00478)
O'KELLY & ERNST, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Phone: (302) 478-4230
gp@del-iplaw.com

***ATTORNEYS FOR PLAINTIFF***
***PROWIRE LLC***