IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **PROWIRE LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No.: 1:17-cv-00223-VAC-CJB |
| | § | |
| **APPLE INC.,** | § | JURY DEMANDED |
| | § | |
| *Defendant*. | § | |
| | § | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Prowire LLC ("Plaintiff" or "Prowire") files this First Amended Complaint for Patent Infringement against Defendant Apple Inc. ("Defendant" or "Apple") as follows:

## NATURE OF LAWSUIT

1. This is a claim for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

## THE PARTIES

1. Plaintiff Prowire LLC is a Texas Limited Liability Company.

2. Upon information and belief, Defendant Apple, Inc. is a corporation organized and existing under the laws of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

3.  This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§1331 and 1338(a).

4.  Venue is proper within this District under 28 U.S.C. §§1391 and 1400(b). On information and belief, Defendant has committed acts of infringement in this District, has purposely transacted business in this District, has advertised and solicited business in this District, has committed acts of infringement in this District, and has established minimum contacts within this District.

5.  This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has conducted and does conduct business within this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District. On information and belief, Defendant generates millions of dollars of revenue in this District. On information and belief, Defendant maintains one or more retail stores and numerous employees in this judicial district. Apple's retail stores in this judicial district offer to sell and do sell infringing devices, as further described below. Having purposefully availed themselves of the privilege of conducting business with residents of this judicial district, Defendant should reasonably and fairly anticipate being brought into court here.

## INFRINGEMENT OF UNITED STATES PATENT NO. 6,137,390

6.  Prowire incorporates by reference paragraphs 1-5 as if fully set forth herein.

7.  On October 24, 2000, United States Patent No. 6,137,390 ("the '390 patent" or the patent-in-suit) entitled "Inductors with Minimized EMI Effect and the Method of

Manufacturing the Same" was duly and legally issued after full and fair examination. Prowire is the owner of all right, title, and interest in and to the patent-in-suit by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. The patent-in-suit is attached hereto as Exhibit A.

8.  Claim 1 of the patent-in-suit states:

An inductor with enhanced inductance comprising:

(a) a magnetic core;

(b) an electrically conducting coil wound about said magnetic core;

(c) a magnetic resin layer compression-molded to embed at least a portion of an outer periphery of said electrically conducting coil;

(d) wherein said magnetic resin layer contains a magnetic powder dispersed in a polymer resin.

9.  Defendant has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the patent-in-suit in this judicial district and elsewhere in the United States, by making, using, importing, selling, and offering for sale consumer electronics products including tablet computers that incorporate the claimed inductor ("Accused Inductors"). One example of Defendant's infringing products is Defendant's line of iPad 4 tablet computers. The photographs below demonstrate that the iPad 4 tablet computer is within the scope of the claims of the patent-in-suit. Specifically, the inductors shown in the following photographs meet each and every element of at least claim 1 of the patent-in-suit, as further explained in the subsequent paragraphs:

Case 3:17-cv-05457-JSC   Document 13   Filed 05/11/17   Page 4 of 12





10. The Accused Inductors have enhanced inductance. On information and belief, the Accused Inductors exhibit an enhanced inductance through adjusting the thickness of the magnetic-resin layer. *See* '390 patent col 3:31-32; col. 4:13-29.

4

11.     The Accused Inductors contain a magnetic core.  As shown in the spectrum below, the core of the Accused Inductors contains approximately 37% iron, a magnetic substance.



12.     The Accused Inductors contain an electrically conducting coil wound about said magnetic core.  On information and belief, the electrically conducting coil is made of copper.  The following photograph shows the coil wound about the magnetic core of the Accused Inductors.



The following photographs show the optical cross-section and x-ray image of the coil wound about the core of the Accused Inductors:

 

13.     The Accused Inductors comprise a magnetic resin layer compression-molded to embed at least a portion of an outer periphery of said electrically conducting coil.  On information and belief, the resin layer is compression-molded.



14.     The magnetic resin layer contained in the Accused Inductors contains a magnetic powder dispersed in a polymer resin.  The spectrum below indicates that the magnetic resin layer contains approximately 35% iron (Fe), a magnetic substance, and approximately 51% carbon (C), that is used for the polymer resin.



The following spectrums detail the individual components of the magnetic resin layer. Spectrums 1 and 2 indicate the presence of a ferromagnetic metal powder, iron (Fe). Spectrum 3 indicates the presence of the polymer resin.





15. Defendant has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the patent-in-suit in this judicial district and elsewhere in the United States, by importing into the United States consumer electronics products that incorporate inductor devices made by a process patented in the United States, including, for example and without limitation, its line of iPad 4 tablet computers.

16. Defendants has also infringed Claim 11 of the patent-in-suit, at least under the provisions of 35 U.S.C. 271(g), because Defendant without authority has imported into the United States and has offered to sell, sold and used within the United States a product which is made by a process patented by claim 11 during the term of the patent-in-suit.

17. Claim 11 states:

A method for making inductors with enhanced inductance comprising the steps of:

(a) winding an electrically conducting coil about a magnetic core;

(b) forming a magnetic resin layer by compression molding to embed at least a portion of an outer periphery of said electrically conducting coil;

(c) wherein said magnetic resin layer matrix contains a magnetic powder dispersed in a polymer resin.

18. The inductors used in Defendant's consumer electronics products imported into the United States including, for example and without limitation, its line of iPad 4 tablet computers, were made using a method that practices each and every step of claim 11 of the patent-in-suit. On information and belief, the Accused Inductors were not materially changed by subsequent processes, but were imported into or used within the United States without material change. On information and belief, the Accused Inductors have at no time become a trivial or nonessential component of another product, but instead are essential to the proper operation of the Defendant's consumer electronics products.

19. The inductors used in Defendant's iPad 4 tablet computers have enhanced inductance. On information and belief, the Accused Inductors exhibit an enhanced inductance through adjusting the thickness of the magnetic-resin layer. *See* '390 patent col 3:31-32; col. 4:13-29.

20. The inductors used in Defendant's iPad 4 tablet computers were made using a method that includes winding an electrically conducting coil about a magnetic core. As shown in the spectrum below, the core of the Accused Inductors contains approximately 37% iron, a magnetic substance.



The Accused Inductors contain an electrically conducting coil wound about said magnetic core. On information and belief, the electrically conducting coil is made of copper. The following photographs show the coil wound about the magnetic core of the Accused Inductors.



The following photographs show the optical cross-section and x-ray image of the coil wound about the core of the Accused Inductors:

 

21.     The inductors used in Defendant's iPad 4 tablet computers were made using a method that includes forming a magnetic resin layer by compression molding to embed at least a portion of an outer periphery of said electrically conducting coil. On information and belief, the resin layer is compression-molded.



22. Defendant has been at no time, either expressly or impliedly, licensed under the patent-in-suit.

23. Defendant's acts of infringement have caused damage to Prowire. Prowire is entitled to recover from Defendant the damages sustained by Prowire as a result of the wrongful acts of Defendant in an amount subject to proof at trial.

24. To the extent required by law, Prowire has complied with the provisions of 35 U.S.C. § 287.

25. Prowire reserves the right to amend to assert a claim of willful infringement if the evidence obtained in discovery supports such assertion.

## DEMAND FOR JURY TRIAL

Prowire hereby demands a jury for all issues so triable.

## PRAYER

WHEREFORE, Prowire respectfully requests that the Court:

1. Enter judgment that Defendant has infringed the patent-in-suit;

2. Award Prowire compensatory damages for Defendant's infringement of the patent-in-suit, together with enhanced damages, costs, and pre-and post-judgment interest;

3. A judgment and order awarding enhanced damages, pursuant to 35 U.S.C. § 284, if Defendant's acts of infringement of the patent-in-suit are determined to be willful;

4. An award of all costs and reasonable attorney's fees against Defendant, pursuant to 35 U.S.C. §§ 284 and 285, based on its infringement of the patent-in-suit; and

     5.     Award any other relief deemed just and equitable.


DATED: May 11, 2017                        Respectfully submitted,


/s/ *George Pazuniak*
George Pazuniak (DE Bar No. 478)
O'KELLY, ERNST & JOYCE, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Phone: (302) 478-4230
Fax: (302) 295-2873
gp@del-iplaw.com

***ATTORNEYS FOR PLAINTIFF
PROWIRE LLC***