# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROWIRE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 17-223-MAK |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| APPLE INC., | ) |
| | ) |
| Defendant. | ) |

## APPLE INC.'S UNOPPOSED MOTION TO SEAL LIMITED PORTIONS OF APPLE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND THE ACCOMPANYING JAYNES DECLARATION

OF COUNSEL:

John M. Desmarais
Michael P. Stadnick
Ameet A. Modi
Robert C. Harrits
Kerri-Ann Limbeek
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: August 8, 2017
5361011 / 43996

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
obyrne@potteranderson.com

*Attorneys for Defendant Apple Inc.*

**TABLE OF CONTENTS**

**Pages**

I. BACKGROUND ................................................................................................................2

II. LEGAL STANDARD.........................................................................................................2

III. ARGUMENT......................................................................................................................4

IV. CONCLUSION...................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bock v. Pressler & Pressler, LLP*,
  No. 11–7593, 2014 WL 1233039 (D.N.J. Mar. 25, 2014)...................................................4

*Bracco Diagnostics, Inc. v. Amersham Health Inc.*,
  No. CIV. A. 03-6025 (FLW), 2007 WL 2085350 (D.N.J. Jul. 18, 2007).......................1, 6

*CDK Glob., LLC v. Tulley Auto. Grp., Inc.*,
  No. CV 15-3103 (KM), 2017 WL 870400 (D.N.J. Mar. 3, 2017)...............................4-5, 6

*Faulman v. Sec. Mut. Fin. Life Ins. Co.*,
  No. CIV. 04-5083 (AET), 2006 WL 1541059 (D.N.J. Jun. 2, 2006) ............................1, 6

*Grant Heilman Photography, Inc. v. McGraw Hill Companies*,
  No. CIV.A. 12-2061, 2014 WL 502359 (E.D. Pa. Feb. 6, 2014) .......................................4

*In re Peregrine Sys., Inc.*,
  311 B.R. 679 (D. Del. 2004)..............................................................................................3

*Mars, Inc. v. JCM Am. Corp.*,
  No. CIV. 05 3165 RBK, 2007 WL 496816 (D.N.J. Feb. 13, 2007) ..................................3

*Nixon v. Warner Comm., Inc.*,
  435 U.S. 589 (1978)...........................................................................................................3

*Pansy v. Borough of Stroudsburg*,
  23 F.3d 772 (3d Cir. 1994).........................................................................................1, 4, 6

*Publicker Indus., Inc. v. Cohen*,
  733 F.2d 1059 (3d Cir. 1984).............................................................................................4

*United States v. Corbitt*,
  879 F.2d 224 (7th Cir. 1989) .............................................................................................3

*United States v. Dentsply Int'l, Inc.*,
  187 F.R.D. 152 (D. Del. 1999) ..........................................................................................6

**Rules**

D. Del. L.R. 26.2....................................................................................................................3

Fed. R. Civ. P. 26(c)(1)(G) ....................................................................................................3

Pursuant to the Court's Order to show cause (D.I. 41), Defendant Apple Inc. ("Apple") hereby moves for an order keeping very limited portions[1] of its Reply Brief in Support of Its Motion to Dismiss Prowire LLC's Amended Complaint (D.I. 23) ("Reply") and very limited portions of the Declaration of Michael Jaynes in Support of Apple's Reply Brief in Support of its Motion to Dismiss Prowire's Amended Complaint (D.I. 24) ("Jaynes Declaration") under seal. Prowire does not oppose this motion.

The limited information that Apple seeks to maintain under seal concerns Apple's confidential and highly sensitive financial data regarding the extent of its sales in the state of Delaware as compared to its nationwide sales. (Decl.[2] at ¶¶ 3-4.) Disclosure of that information would harm Apple, at least because its competitors could use that information to improperly target or disparage the extent of Apple's penetration into the Delaware market. Based on the Third Circuit's guidance in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), good cause exists to maintain the information under seal. Indeed, Courts in this Circuit have routinely sealed such confidential, market-specific business and financial information. *See, e.g., Faulman v. Sec. Mut. Fin. Life Ins. Co.*, No. CIV. 04-5083 (AET), 2006 WL 1541059, at *2 (D.N.J. June 2, 2006) (finding "legitimate business reasons to protect" a party's "commercially sensitive information about [its] market penetration in particular states"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, No. CIV. A. 03-6025 (FLW), 2007 WL 2085350, at *6 (D.N.J. July 18, 2007) (finding information "from which a litigant's market competitiveness may be harmed is often sealed from public access").

---

[1] Specifically, Apple seeks to maintain its redactions over two sales figures on page 9 of the Reply Brief, and the same two sales figures in paragraphs 9 and 10 of the Jaynes Declaration. See Exhibits A and B, filed concurrently herewith.

[2] "Decl." refers to the Declaration of Michael Jaynes in Support of Apple Inc.'s Motion to Seal Limited Portions of Apple's Reply in Support of Its Motion to Dismiss and the Accompanying Jaynes Declaration, filed concurrently.

As explained further in this motion, Apple respectfully requests that the concurrently-filed Exhibit A (the Reply, with amended redactions) and Exhibit B (the Jaynes Declaration, with amended redactions)[3] be filed in place of D.I. 25 and 26, respectively. The redactions in Exhibits A and B—two numbers identified on page 9 of Exhibit A, and two numbers identified in paragraphs 9 and 10 of Exhibit B—are narrow in scope, and seek to protect Apple's commercially-sensitive financial information.

## I.  BACKGROUND

Prowire filed the operative complaint in this case, its First Amended Complaint for Patent Infringement, on May 11, 2017. (D.I. 13.) Apple moved to dismiss that pleading on May 25, 2017. (D.I. 14, 15.) On June 8, 2017, Prowire filed its opposition, which set forth new arguments (not previously alleged in Prowire's Amended Complaint) concerning the propriety of venue in this District. (D.I. 18 at 8.) In order to fully respond to those new arguments, Apple included confidential information in its Reply and in the Jaynes Declaration concerning Apple's sales of the accused products in this District. (D.I. 23 at 13; D.I. 24 ¶¶ 8-10.) Apple accordingly filed its Reply and the Jaynes Declaration under seal on June 22, 2017. (D.I. 23, 24.) Pursuant to the District of Delaware's Local Rules, Apple filed redacted versions of its Reply and the Jaynes Declaration on June 29, 2017. (D.I. 25, 26.) The parties are currently negotiating a protective order which would govern restrictions on the disclosure of the type of information that Apple hereby moves to maintain under seal.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure contemplate that a party's "trade secret or other confidential research, development, or commercial information" will be protected by a protective

---

[3] Apple will provide unredacted courtesy copies of Exhibits A and B to the Court with the proposed redactions highlighted.

order. Fed. R. Civ. P. 26(c)(1)(G).  In instances where the parties to an action have yet to enter a protective order, the District of Delaware's Local Rules provide that if material has been "deemed confidential by the producing party . . . disclosure shall be limited to members and employees of the firm of trial counsel who have entered an appearance and, where appropriate, have been admitted *pro hac vice*." D. Del. L.R. 26.2.

When documents are filed with the courts, the public's right to access the filed documents is not an absolute right.  *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597–598 (1978).  Specifically, while "the common law right of access creates a 'strong presumption' in favor of public access to materials submitted as evidence in open court, this presumption should not apply to materials properly submitted to the court under seal." *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989) (internal citations omitted).  "[C]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing."  *In re Peregrine Sys., Inc.*, 311 B.R. 679, 690 n. 9 (D. Del. 2004). "Courts generally protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's standing in the marketplace." *Mars, Inc. v. JCM Am. Corp.*, No. CIV. 05-3165 RBK, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007) (citations omitted).

In order to protect sensitive business information, "when a party files a motion to seal . . . the moving party must demonstrate 'good cause' for the protection of the material." *Id.*  In determining whether good cause exists, courts in the Third Circuit consider several factors:

> 1) whether disclosure will violate any privacy interests;
>
> 2) whether the information is being sought for a legitimate purpose or for an improper purpose;

3

> 3) whether disclosure of the information will cause a party embarrassment;
>
> 4) whether confidentiality is being sought over information important to public health and safety;
>
> 5) whether the sharing of information among litigants will promote fairness and efficiency;
>
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
>
> 7) whether the case involves issues important to the public.

*Grant Heilman Photography, Inc. v. McGraw Hill Companies*, No. CIV.A. 12-2061, 2014 WL 502359, at *2 (E.D. Pa. Feb. 6, 2014); *see also Pansy*, 23 F.3d at 772.  "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). Importantly, "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy*, 23 F.3d at 788.

### III.  ARGUMENT

The confidential information Apple seeks to maintain under seal concerns specific sales statistics for the accused product made in the state of Delaware.  (Decl. at ¶ 3; *compare* D.I. 23, 24 *with* Exs. A, B.)  In general, Courts in the Third Circuit have held that financial information—such as the limited sales data that Apple seeks to maintain under seal here—is properly maintained under seal.  *See, e.g., Bock v. Pressler & Pressler, LLP*, No. 11–7593, 2014 WL 1233039, at *3 (D.N.J. Mar. 25, 2014) (granting motion to seal and finding a legitimate private interest in preventing public disclosure of "business agreements, trade secrets, or commercial information"); *CDK Glob., LLC v. Tulley Auto. Grp., Inc.*, No. CV 15-3103 (KM), 2017 WL

870400, at *3 (D.N.J. Mar. 3, 2017) (citing cases).  Indeed, each of the relevant factors considered by Courts in this Circuit favor maintaining Apple's financial information under seal.

For example, concerning the first factor, public disclosure of the sales data in question would violate Apple's privacy interest over the confidentiality of such information.  *See, e.g.*, *CDK Glob.,* 2017 WL 870400, at *3 (finding disclosure of "financial information that would injure a party's standing in the competitive marketplace" was properly considered as a privacy interest.)  With respect to the fourth and seventh factors, Apple's sales data is not important to the public, the public health, or public safety—it is a matter of private interest, and the confidentiality of that confidential and highly sensitive financial information should be maintained.  *See id.* (holding that, in regards to financial information, "factors weighing against the interest of privacy, such as public safety, greater fairness, and efficiency, are not present").  Indeed, this case involves private litigants and not matters of public concern or public figures, which likewise favors maintaining confidentiality.  *Pansy*, 23 F.3d 788.  Moreover, Prowire's outside counsel has already received an unredacted copy of Apple's Reply and the Jaynes Declaration.  (*See* D.I. 36 at 5-6 (discussing Apple's Reply and the Jaynes Declaration).)  Thus, the fifth factor—concerning fairness and efficiency—favors maintaining Apple's confidential information under seal, because Prowire's counsel has access to the material for the purposes of this litigation.  *CDK Glob.*, 2017 WL 870400, at *3.

By contrast, disclosure of Apple's confidential sales data would work significant competitive harm to Apple. The information that Apple seeks to maintain under seal is not provided to the general public. (Decl. at ¶ 3.)  It concerns Apple's financial and competitive presence in Delaware, and it should be kept under seal because the information could be used by Apple's competitors to disparage Apple's penetration into the Delaware market. (Decl. at ¶ 4.)

Indeed, in *Faulman*, a District Court in this Circuit explained that there were "legitimate business reasons to protect" a party's "commercially sensitive information about [its] market penetration in particular states," because such information could enable competitors to "make more informed decisions which states or geographic locations . . . should or should not be used for competition," and that disclosure of the information would "allow an unfair advantage in the marketplace if made accessible to an enterprising competitor." 2006 WL 1541059, at *2. Courts in this District and Circuit have likewise routinely permitted the redaction of sensitive business information. *See, e.g., United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 159 (D. Del. 1999) (issuing a protective order to protect "competitors' sales and marketing plans, financial forecasts, margin, pricing, cost and customer information, etc."); *Bracco Diagnostics*, 2007 WL 2085350, at *6 (finding information "from which a litigant's market competitiveness may be harmed is often sealed from public access").

Importantly, Apple seeks to maintain under seal only the information associated with its confidential sales figures. (*Compare* D.I. 23, 24 *with* Exs. A, B.) Specifically, Apple seeks to maintain redactions over only two figures—*i.e.*, *less than a line of text*. This least-restrictive approach of only redacting the specific sales figures favors keeping Apple's confidential information under seal. *See CDK Glob.,* 2017 WL 870400, at *5 (granting a party's request to file a redacted version of the documents at issue because that was the "least restrictive means available" for protecting a party's confidential information). Good cause, including under *Pansy* and its progeny, therefore exists to maintain Apple's confidential sales data under seal.

## IV.   CONCLUSION

Apple respectfully requests that this Court grant Apple Inc.'s Unopposed Motion to Seal Limited Portions of Apple's Reply Brief and the Jaynes Declaration, and that the attached

Exhibit A (Apple's Reply) and Exhibit B (the Jaynes Declaration) be filed in place of D.I. 25 and

D.I. 26, respectively.

                                                        Respectfully submitted,

                                                        POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Desmarais                             By:  */s/ David E. Moore*
Michael P. Stadnick                                David E. Moore (#3983)
Ameet A. Modi                                        Bindu A. Palapura (#5370)
Robert C. Harrits                                    Stephanie E. O'Byrne (#4446)
Kerri-Ann Limbeek                               Hercules Plaza, 6th Floor
DESMARAIS LLP                                     1313 N. Market Street
230 Park Avenue                                      Wilmington, DE  19801
New York, NY 10169                          Tel:  (302) 984-6000
Tel:  (212) 351-3400                          dmoore@potteranderson.com
                                                   bpalapura@potteranderson.com
Dated:  August 8, 2017                      obyrne@potteranderson.com
5361011 / 43996

                                                 *Attorneys for Defendant Apple Inc.*