## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **PROWIRE LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civ. Action No.:  1:17-cv-00223-MAK** |
| | § | |
| **APPLE INC.,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## PLAINTIFF' S MOTION TO COMPEL DISCOVERY RESPONSES

George Pazuniak (DE Bar No. 00478)
O'KELLY ERNST & JOYCE, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Phone: (302) 478-4230
Fax: (302) 295-2873
gp@del-iplaw.com

*ATTORNEYS FOR PLAINTIFF*
*PROWIRE LLC*

i

Plaintiff hereby moves this Court for an Order compelling defendant to provide full responses to several specific interrogatories and requests for production, for an assessment of attorneys' fees incurred in making this application, and for other relief, and in support thereof avers the following.

## I.   NATURE AND STAGE OF THE PROCEEDINGS

On March 2, 2017, Plaintiff Prowire LLC "("Prowire") filed a complaint against Defendant Apple Inc. ("Apple") for infringement of U.S. Patent 6,137,390.  On May 8, 2017, Apple filed a motion to dismiss Prowire's Complaint.  D.I. 9, 10.  On May 11, 2017, Prowire filed its First Amended Complaint, mooting Apple's motion to dismiss.  D.I. 13.  On May 25, 2017, Apple filed a second motion to dismiss Prowire's First Amended Complaint.  D.I. 14, 15.  On July 20, 2017, Apple filed a motion to stay.  D.I. 29.  On August 9, 2017, the Court denied Apple's second motion to dismiss and Apple's motion to stay.  D.I. 47.  The Court has set an Initial Pretrial and Trial Scheduling Conference for Tuesday, September 12, 2017.  D.I. 48.

## II.   SUMMARY OF ARGUMENT

Apple has refused, either explicitly or constructively, to provide substantive responses to several of Prowire's discovery requests.  In addition, Apple raised unfounded objections.  Moreover, Apple objected to many of Prowire's discovery requests as overly broad and unduly burdensome without providing any basis for its assertion that any request was overly broad or unduly burdensome.  This has left Prowire with no choice but to seek relief from the Court.

## III.   STATEMENT OF FACTS

On June 15, 2017, Prowire served its first set of interrogatories (Nos. 1-14) on Apple.  Exhibit A; *see also* D.I. 22.   Also on June 15, 2017, Prowire served is first requests for production (nos. 1-43) on Apple.  Exhibit B; *see also* D.I. 22.  On July 17, 2017, Apple served its objections and responses to Prowire's interrogatories and its responses to Prowire's first requests

for production.  Exhibits C and D, respectively; *see also* D.I. 28.  However, Apple failed to substantively respond to Prowire's interrogatories and failed to produce any requested documents.  On July 21, 2017, Prowire served a letter on Apple's counsel explaining the deficiencies.  Exhibit E.  On July 27, 2017, the parties telephonically discussed at length Prowire's requests and Apple's objections.[1]  One month later, Apple still has not provided any substantive discovery.

## IV.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 37(a), a party seeking discovery may move for an order compelling production against another party that has failed to produce documents requested pursuant to Rule 34 or to answer an interrogatory under Rule 33. For Rule 37(a) purposes, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(A)(4).

## V.   ARGUMENT

As explained below, there is no justification for Apple's withholding of numerous obviously relevant categories of information.[2]

### A.   Apple's Responses to Prowire's Interrogatories

#### 1.   Apple Provided No Substantive Responses to Any of Prowire's Interrogatories

[1] Pursuant to D. Del. L.R. 7.1.1, the participants on the call included lead and local counsel for both parties, specifically, Ameet Modi and Robert Harritz (Apple lead), David Moore (Apple local), Robert Katz (Prowire lead), and George Pazuniak (Prowire local).  Apple took the position that Prowire's discovery requests were premature and that Apple was not responsible for responding until after Apple's deadline for production of core technical documents.  Prowire took the position that (1) its discovery requests were not held in abeyance by core technical document production and (2) its discovery requests were generally outside of the scope of core technical documents.  Prowire asked Apple to substantively respond to Prowire's discovery requests.  The parties reached an impasse, and no resolution was reached.

[2] In the event that Apple argues that any of Prowire's discovery requests call for confidential information, D. Del. L.R. 26.2 addresses the confidentiality of Apple's confidential information in the absence of a protective order.

Apple has provided <u>no</u> substantive responses to <u>any</u> of Prowire's interrogatories.  Not only did Apple fail to substantively answer the question, but for those interrogatories that asked Apple to identify documents and knowledgeable persons, Apple also failed to provide either. Prowire moves to compel a response to Interrogatories Nos. 1-4, 6, 8, 11, 14.[3]  Interrogatories Nos. 1-3 seek to identify the manufacturers and part numbers of the accused inductors. Interrogatory No. 4 seeks to identify the revenue and profits attributable to the iPads that use the patented inductors.[4]  Interrogatory No. 6 seeks information relating to the facts supporting Apple's equitable defenses.  Interrogatory No. 8 seeks information relating to the facts supporting potential options for Apple involving designing around the patented inductors.[5] Interrogatory No. 11 seeks information relating to the first sale of the accused iPads. Interrogatory No. 14 seeks information regarding Apple's awareness of the patent-in-suit.

2. **Apple's Interrogatory Objections and Purported Reservation of Rights**

Apple has made the same objections and purported reservation of rights to Interrogatory Nos. 1-14.  Apple has objected that each interrogatory is premature and is in conflict with this

---

[3] Prowire is amenable to defer responses to some of the interrogatories.  Interrogatory No. 5 involves licenses involving technology comparable to the asserted patent which Prowire agrees may be provided later.  Interrogatory No. 7 involves invalidity contentions pertaining to the asserted patent which Prowire agrees may be provided later.  Interrogatory No. 9 involves convoyed sales associate with the accused products, which Prowire does not believe needs to be presently addressed.  Interrogatory No. 10 involves non-infringement contentions pertaining to the asserted patent which Prowire agrees may be provided later.  Interrogatory No. 12 involves damages contentions pertaining to the asserted patent which Prowire agrees may be provided later.  Interrogatory No. 13 involves the identification of "representative" inductors to minimize the number of devices that need to be presented to the jury at trial, which Prowire agrees may be provided later.
[4] *See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970) (factor 11: the extent to which the infringer has made use of the invention; and any evidence probative of the value of that use).
[5] *See SRI International v. Advanced Technology Labs*, 127 F.3d 1462, 1465 (Fed. Cir. 1997).

Court's Local Rules and the Delaware Default Standard for Discovery.  However, Apple has failed to identify any rule with particularity that indicates that Prowire's interrogatories are premature.  During the parties' meet-and-confer, Apple took the position that it need not provide discovery until after the Court's deadline involving "core technical documents."  Prowire is not aware of a local rule that suspends a parties' obligation to respond to discovery requests. Moreover, Apple has defined "core technical documents" very narrowly, contending that the term refers only to "records sufficient to show how the accused iPad 4 inductors work."  *See* D.I. 19 ¶ III.1.b at p. 3.  Prowire's discovery requests seek relevant information that is not limited to "records sufficient to show how the accused iPad 4 inductors work."

In addition, without actually asserting that the information requested by each interrogatory is protected by privilege or work-product, Apple has objected to the interrogatory "to the extent" that it does so.  Because Apple has not identified any specific information requested by the interrogatory as privileged or protected by the work-product doctrine, this purported objection is without merit.

### 3.      Apple's Overbreadth Objections are Misplaced

Apple has made the same overbreadth objection to Interrogatory Nos. 1-5, 8-11, 13. Apple has objected that the interrogatory is overbroad "to the extent that" the interrogatories seek information regarding: (1) any product other than Apple's iPad 4; or (2) outside the temporal or geographic scope of this case.  However, Prowire's interrogatories have identified the "Accused Products" as "Apple's iPad 4 tablet computers that were made, used, sold, offered for sale, exported from, imported into, or tested in the United States during the six years prior to the filing of the patent infringement action."  Ex. C ¶ 8 at 4; Ex. D ¶ 8 at 3-4.  Accordingly, Apple's objections are without merit.

### 4.    Apple's Conditional Supplementation to Prowire's Interrogatories

In its responses to Interrogatory Nos. 1-7, 10, 11, and 14, Apple states that it will supplement its response "subject to the parties' meet-and-confer and Prowire's narrowing of the scope of this interrogatory."  Apple's position contravenes the Federal Rules of Civil Procedure, which places no such conditions on a party's duty to supplement its responses.  In addition, this type of response has been found to indicate "not a spirit of cooperation but rather an intent to delay responding." *See Silva v. Fletcher Asset Mgmt., Inc.*, 2012 WL 5186003 at *3 (C.D. Cal. Oct. 17, 2012) (criticizing discovery responses that "Fletcher is willing to meet and confer with Silva to appropriately narrow and particularize the information sought").  Indeed, all of Apple's responses appear to be nothing more than an attempt to delay the discovery process.

### B.    Apple's Responses to Prowire's Document Requests

#### 1.    Apple Produced No Documents in Response to Any of Prowire's Document Requests

Apple has provided <u>no</u> documents in response to <u>any</u> of Prowire's requests.  Katz Decl. ¶ 7.  Prowire moves to compel responses to its Requests for Production Nos. 1, 2, 4-9, 11-15, 21, 22, 24-32, and 35-43.

#### 2.    Apple's Objections to Prowire's Document Requests

Apple has made the same objections to Prowire's document requests 1, 3, 13, 16-19, 24, 27-31, 33-34, 37-38, and 42-43.  Apple has objected that each request is premature and is "in conflict at least with this Court's Local Rules and the Delaware Default Standard for Discovery".  Apple has refused to produce documents on that basis.  However, Apple has failed to identify any rule with particularity that indicates that Prowire's requests are premature.  The prohibition against boilerplate or blanket objections to discovery requests is well established. *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014).  Indeed, the Federal Rules require objections to

production of documents to be stated with specificity.  FED. R. CIV. P. 34(b)(2)(B).  The Federal

Rules also require Apple to state whether any responsive materials have been withheld on the

basis of its objections.  FED. R. CIV. P. 34(b)(2)(C).  Apple's responses do not comply with the

Rules.

Apple makes other unfounded objections such as "Apple further objects to this request as

overbroad and irrelevant to the extent it seeks documents or information concerning sales that

occurred outside the United States or more than six years before the filing of the complaint in

this action."  *See* Ex. D responses to Requests for Production Nos. 4, 24, 27, 30, 34, 39, 41, and

43.  This is despite the fact that Prowire defined the accused products as "any and all of Apple's

iPad 4 tablet computers that were made, used, sold, offered for sale, exported from, imported

into, or tested in the United States during the six years prior to the filing of the patent

infringement action" and with the qualification "Plaintiff specifically does not include requests

for discovery related to any of the Defendant's products existing exclusively prior to six years

before the filing of the Original Complaint in this action."  *See* Ex. C ¶ 8 at p. 4.

### 3. Apple Has Failed to State That it Would Search For or Produce Documents

Regarding document requests 1, 3, 5, 6-10, 12-15, 17-19, 24-32, 34-38, and 41-42, Apple

has failed to state that it would search for or produce responsive, non-privileged documents,

instead stating only that it was "willing to meet and confer".

### 4. Apple's Purported Privilege Objections are Without Merit

Without actually asserting that the documents requested are protected by privilege or

work-product, Apple objected to requests 1-3 and 5-43 "to the extent" that it does so.  Because

Apple has not identified any document requested by the request as privileged or protected by the

work-product doctrine, this purported objection is also without merit.

6

### C. Attorneys' Fees and Costs

The party that prevails on a motion to compel discovery is entitled to recover its expenses, including reasonable attorney's fees except when: (1) the motion to compel was filed before the movant attempted in good faith to get the discovery without court action; (2) the losing party's position was substantially justified; or (3) other circumstances make an award unjust. FED. R. CIV. P. 37(A)(5)(A). None of the exceptions apply. Accordingly, an award of attorneys' fees and costs is warranted. Apple's failure to respond to Prowire's legitimate discovery requests has forced Prowire to file this instant motion and seek the Court's intervention. An award of attorneys' fees and costs is necessary to make Prowire whole. If the Court agrees, Prowire proposes it submit documentation of its fees and expenses within one week of such order.

## VI. CONCLUSION

For the foregoing reasons, Prowire respectfully requests that the Court grant its motion and (1) compel Apple to provide complete answers and responses to Prowire's Interrogatories Nos. 1-4, 6, 8, 11, 14 and Requests for Production Nos. 1, 2, 4-9, 11-15, 21, 22, 24-32, and 35-43 without objection; (2) order Apple to reimburse Prowire for all costs and attorneys' fees incurred to bring the present motion; and (3) for all other relief that the Court deems Prowire to be justly entitled.

DATED: August 28, 2017                    Respectfully submitted,


                                          /s/ *George Pazuniak*
                                          George Pazuniak (DE Bar No. 00478)
                                          O'KELLY ERNST & JOYCE, LLC
                                          901 North Market Street, Suite 1000
                                          Wilmington, DE 19801
                                          Phone: (302) 478-4230
                                          Fax: (302) 295-2873
                                          gp@del-iplaw.com

                                          *ATTORNEYS FOR PLAINTIFF*
                                          *PROWIRE LLC*