# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MEC RESOURCES, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Civ. Action No.: 1:17-cv-00223-MAK** |
| | § | |
| **APPLE INC.,** | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## <u>DEFENDANT'S MOTION TO TRANSFER VENUE</u>

September 12, 2017

George Pazuniak (DE Bar No. 00478)
O'KELLY ERNST & JOYCE, LLC
901 North Market Street
Suite 1000
Wilmington, DE 19801
Phone: (302) 478-4230
gp@del-iplaw.com

*ATTORNEYS FOR PLAINTIFF*
*MEC RESOURCES, LLC*

## TABLE OF CONTENTS

I.       INTRODUCTION ........................................................................................... 1

II.      NATURE AND STAGE OF THE PROCEEDINGS ................................................ 2

III.     SUMMARY OF ARGUMENT ............................................................................. 2

IV.      STATEMENT OF FACTS ................................................................................. 3

V.       ARGUMENT ................................................................................................. 3

  A.     Legal Standards for Transferring Venue.................................................. 3

  B.     Apple Has Failed to Establish that the Private Interest Factors Weigh Strongly in
         Favor of Transfer .......................................................................... 5

    1.   Plaintiff's Choice of to Litigate in This District Is Entitled to Substantial
         Weight ........................................................................................ 5

    2.   Apple's Preferred Forum Is Entitled to Little Weight ................................... 7

    3.   Plaintiff's Claims Arose in This District ................................................. 8

    4.   The Northern District of California Is Not a More Convenient Forum for the
         Parties......................................................................................... 9

    5.   The Northern District of California Is Not a More Convenient Forum for Non-
         Party Witnesses .............................................................................. 11

    6.   The Location of Books and Records Does Not Support Transfer ............................ 13

  C.     The Public Interest Factors Weigh Strongly Against Transfer................................ 15

    1.   The Enforceability of the Judgment Does Not Support Transfer ........................... 15

    2.   Practical Considerations Weigh Heavily Against Transfer ................................ 15

    3.   Court Congestion Does Not Support Transfer.............................................. 15

    4.   The Northern District of California's Interest in This Case Does Not
         Outweigh This District's Interest......................................................... 16

    5.   Public Policies of the For a Do Not Support Transfer ................................... 16

    6.   The Court's Familiarity of Relevant State Law in Diversity Cases is Not
         Relevant In This Case ...................................................................... 16

VI.      CONCLUSION................................................................................................ 17

**<u>TABLE OF AUTHORITIES</u>**

**Cases**

*Academisch Ziekenhuis Leiden v. Cardiomems, Inc*.,
No. 10-1127, 2011 WL 864911 (D. Del. Mar. 9, 2011) ............................................................ 7, 13

*Apple, Inc. v. High Tech Computer Corp*.,
Nos. 10-166-GMS, 10-167-GMS, 2011 WL 124446 (D. Del. Jan. 14, 2011) ............................ 11

*Carl Zeiss Meditec, Inc. v. Xoft, Inc*.,
No. 10-308-LPS-MPT, 2011 WL 1212235 (D. Del. Mar. 30, 2011) ................................... 5, 6, 12

*Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.*,
No. 09-920, 2009 WL 3055300 (W.D. Pa. Sept. 21, 2009)......................................................... 8

*Cellectis, SA. v. Precision Biosciences, Inc*.,
858 F.Supp.2d 376 (D. Del. 2012)....................................................................................... 5, 8, 16

*Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc*.,
No.-199-SLR, 2001 WL 1617186 (D. Del. Nov. 28, 2001) .................................................... 7, 14

*Everglades Interactive, LLC v. Playdom, Inc*.,
No. 10-902-SLR, 2011 WL 2294075 (D. Del. June 8, 2011)............................................. 6, 12, 14

*Falu-Rodriguez v. Democracia USA, Inc*.,
No. 10-3811, 2011 WL 31400 (E.D. Pa. Jan. 5, 2011).............................................................. 11

*Godo Kaisha IP Bridge 1 v. Omnivision Techs., Inc*.,
No. 16-290-SLR (D. Del. Mar. 29, 2017)................................................................................... 7

*In re Hoffmann-La Roche Inc*.,
587 F.3d 1333 (Fed. Cir. 2009)................................................................................................. 16

*In re ML Lee Acquisition Fund IL L.P*.,
816 F. Supp. 973 (D. Del. 1993) ................................................................................................ 6

*In re TCW/Camil Holding L.L.C*.,
Nos. 03-10717,03-53929, 03-1154-SLR, 2004 WL 1043193 (D. Del. Apr. 30, 2004)................. 9

*In re Xoft, Inc.*,
435 Fed. Appx. 948 (Fed. Cir. Aug. 17, 2011) ........................................................................... 6

*Intel Corp. v. Broadcom Corp*.,
167 F.Supp.2d 692 (D. Del. 2001) (citations omitted) ........................................................ 10, 11

*Intellectual Ventures I LLC v. Altera Corp.*,
842 F.Supp.2d 744 (D. Del. 2012)...................................................................................... passim

*Jumara v. State Farm Ins. Co.*,
55 F.3d 873 (3d Cir. 1995)......................................................................................... passim

*NETGEAR, Inc. v. Ruckus Wireless, Inc.*,
No. 10-999-SLR, 2011 WL 3236043 (D. Del. July 28, 2011) .................................... 14

*Pennwalt Corp. v. Purex Indus., Inc.*,
659 F. Supp. 287 (D. Del. 1986)................................................................................... 6

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (U.S. 1981)............................................................................................. 5

*Praxair Inc. v. ATMI, Inc.*,
No. 03-1158-SLR, 2004 WL 883395 (D. Del. Apr. 20, 2004)..................................... 16

*Pub. Util. Serv. Corp. v. Leggett & Platt, Inc.*,
No. 08-1860, 2008 WL 4610241 (E.D. Pa. Oct.16, 2008) .......................................... 11

*Robocast, Inc. v. Apple, Inc.*,
Nos. 11-235-RGA, 10-1055-RGA, 2012 WL 628010 (D. Del. Feb. 24, 2012) .................... passim

*Shutte v. Armco Steel Corp.*,
431 F.2d 22 (3d Cir. 1970).................................................................................. 3, 5, 6

*Simms v. Thomson Reuters Tax and Accounting, Inc.*,
No. 10-904-LPS, 2011 WL 4501225 (D. Del. Sept. 28, 2011) .................................... 7

*Tessera, Inc., v. Sony Electronics Inc.*,
No. 10-838, 2012 WL 1107706 (D. Del. Mar. 30, 2012) ..................................... passim

*Textron Innovations, Inc. v. The Taro Co.*,
No. 05-486, 2005 WL 2620196 (D. Del. Oct. 14, 2005).............................................. 15

*TriStrata Tech., Inc. v. Emulgen Labs., Inc.*,
537 F.Supp.2d 635 (D. Del. 2008)............................................................................... 16

## Rules

Fed. R. Civ. P. 45(a)(2)............................................................................................... 14

Fed. R. Civ. P. 45(c)(1)(A) ......................................................................................... 14

Plaintiff MEC Resources, LLC ("MEC") submits this Response in Opposition to the Motion to Transfer Venue of Defendant Apple Inc. ("Apple") and would respectfully show the Court as follows:

## I.   INTRODUCTION

Plaintiff filed this case on March 2, 2017.  Apple responded by engaging aggressively, filing five motions with this Court, and did not raise any concerns regarding the convenience of litigating in this District until about two weeks after it received (1) an order denying its motion to dismiss, (2) an order denying its motion to stay, (3) an order denying its motion to seal, and (4) an order setting a scheduling conference that instructed the parties to expect to try this case in August 2018.  After the case has been pending for six months, Apple finds this venue inconvenient.  Apple cannot now credibly claim that it will be inconvenienced by litigating in this forum.

In its motion, Apple cannot point to a single non-party witness that (1) expects to attend trial, or (2) would be unable to attend trial in Delaware or be subject to compulsory process in the Northern District of California.  Indeed, Apple identifies only a single non-party witness that resides in the United States — an attorney who prosecuted the patent-in-suit before the Patent Office more than fifteen years ago and now appears to be retired in Honolulu, Hawaii.

Apple suggests that transfer would "serve the interests of justice" and "alleviate court congestion" in this District.  But, in reality, a transfer of this case would set this case back months before it could be re-started in another district, and much of the early work would need to be re-done in California.  Plaintiff chose this venue, in an effort to avoid any attendant advantages that Apple might have in its own back yard.  Apple does not even come close to providing adequate justification for setting aside Plaintiff's choice of venue.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

On March 2, 2017, Plaintiff filed a complaint against Defendant for infringement of U.S. Patent 6,137,390.  On May 8, 2017, Apple filed a motion to dismiss Plaintiff's Complaint.  D.I. 9, 10.  On May 11, 2017, Plaintiff filed its First Amended Complaint, mooting Apple's motion to dismiss.  D.I. 13.  On May 25, 2017, Apple filed a second motion to dismiss Plaintiff's First Amended Complaint.  D.I. 14, 15.  On June 15, 2017, Plaintiff serviced its first discovery requests on Defendant.  D.I. 22.  On July 20, 2017, Apple filed a motion to stay.  D.I. 29.  On August 9, 2017, the Court denied Apple's second motion to dismiss and Apple's motion to stay.  D.I. 47.  Apple served its first discovery requests on August 17, 2017.  D.I. 50.  Defendant answered Plaintiff's complaint on August 23, 2017.  D.I. 51.  Plaintiff filed a motion to compel responses to its discovery requests on August 28, 2017.  D.I. 52.  The Court granted Plaintiff's motion to substitute MEC Resources, LLC for Prowire LLC as the party plaintiff on August 30, 2017.  D.I. 62.  The Court set an Initial Pretrial and Trial Scheduling Conference for September 12, 2017 (D.I. 48) which was re-set to September 25, 2017 (D.I. 69).

## III.    SUMMARY OF ARGUMENT

The Court should deny Apple's Motion to Transfer because the public and private interest factors that the Third Circuit applies in evaluating motions to transfer strongly weigh in favor of keeping this case in Delaware. Plaintiff chose to file this lawsuit in Delaware.

In addition to these paramount factors, the convenience of the witnesses and the convenience of the parties, particularly in light of Apple's significant financial size and strength, strongly weigh against transfer. Most of the remaining public and private interest factors also weigh against transfer or are, at best, neutral as to transfer. Apple cannot carry its burden of demonstrating that the balance of factors in this case strongly favors transfer and, as such, Apple's Motion to Transfer should be denied.

2

## IV.  STATEMENT OF FACTS

Plaintiff is a small patent-holding company, and is the owner by assignment of the sole patent-in-suit in this case.  Plaintiff alleges that Apple products, including the iPad 4, infringe the patent-in-suit.  Plaintiff is a very small company that had no revenue or net income in 2016 or 2017.  Apple, by contrast, is a multinational company with a global presence.  Apple operates approximately 270 retail stores in the United States, including one in Delaware.  D.I. 24 ¶ 6. Apple has over 75,000 employees in the United States.  D.I. 24 ¶ 8.  Apple is within $200 billion of becoming the world's first trillion dollar company.[1]  The consumer electronic devices at issue in this lawsuit are sold and offered for sale by Apple in stores nationwide, including Delaware. *See* D.I. 24 ¶¶ 9-10.  Moreover, Apple, itself, has filed multiple patent-infringement cases in this District.[2]

This District is more convenient for Plaintiff's potential trial witnesses.  (Driscoll Decl. ¶ 5; O'Berry Decl. ¶ 5.)  Defendant identifies just one non-party witness that resides in the United States, W. Wayne Liauh, the attorney who prosecuted the patent application over fifteen years ago.  Mr. Liauh is believed to be retired and living in Honolulu, Hawaii.  (Katz Decl. ¶ 3, Ex. 2.)

## V.  ARGUMENT

### A.  Legal Standards for Transferring Venue

"It is black letter law that a plaintiff's choice of forum is a paramount consideration in any determination of a transfer request, and that choice [of forum] should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citations and internal quotations

---

[1] Katz Decl. ¶ 2, Ex. 1.  *Apple Could Be World's First Trillion Dollar Company*, August 31, 2017, FoxNews.com *available at* http://www.foxnews.com/tech/2017/08/31/apple-could-be-worlds-first-trillion-dollar-company.html.

[2] *See, e.g.*, *Apple Inc. v. HTC Corporation, et al*, No. 1:2012-cv-01004;  *Apple Inc. v. HTC Corporation, et al,* No. 1:2011-cv-00611; *Apple Inc. v. High Tech Computer Corp.*, 1:2010-cv-00167; *Apple, Inc. v. Atico Int'l USA, Inc.*, No. 1:08-cv-00283.

omitted).  Thus, while a court has broad discretion to consider a transfer, that discretion should not be "liberally" exercised.  *Id.*  Instead, "[t]he burden is on the moving party to establish that a balancing of the proper interests weigh in favor of the transfer."  *Id.*  Given the strong presumption in favor of plaintiff's choice of forum, this burden is particularly heavy: "[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail."  *Id.*  (citations and internal quotations omitted).

Although the Third Circuit has emphasized that "there is no definitive formula or list of the factors to consider" when considering a motion to transfer, it has identified several private and public interests that courts may consider in determining whether to disturb a plaintiffs choice of forum.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  Specifically, the private interests include: (1) plaintiffs forum preference as manifested in the original choice; (2) defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records, but only to the extent that they cannot be produced in the alternative forum.  *Id.*  The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker or less expensive; (3) the relative administrative difficulty in the two fora as a result of court congestion; (4) the local interest in the controversy; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  *Id.*

Guided by these factors, the Court should consider whether Apple, as the moving party, has demonstrated that the balance of these interests strongly favors a transfer.  If "the scales are evenly balanced or only slightly tipped in favor of transfer" then Apple "has not met its heavy

4

burden." *Carl Zeiss Meditec, Inc. v. Xoft, Inc.*, No. 10-308-LPS-MPT, 2011 WL 1212235 at *2 (D. Del. Mar. 30, 2011).  In the instant case, Apple cannot establish that the *Jumara* private and public interest factors strongly favor a transfer to the Northern District of California. As such, Apple's motion should be denied.

### B.   Apple Has Failed to Establish that the Private Interest Factors Weigh Strongly in Favor of Transfer

#### 1.   Plaintiff's Choice of to Litigate in This District Is Entitled to Substantial Weight

The plaintiff's choice of forum is a factor to be weighed heavily in a section 1404(a) analysis, *Tessera, Inc., v. Sony Electronics Inc.*, No. 10-838, 2012 WL 1107706, at *3 (D. Del. Mar. 30, 2012), and the plaintiff's choice of forum "should rarely be disturbed."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (U.S. 1981).  As the Third Circuit has stated, a plaintiff's choice of forum is a "paramount consideration."  *See Shutte*, 431 F.2d at 25.  Even in instances where the plaintiff is a foreign corporation, this Court has declined to disregard the privilege of choosing a venue that has historically been accorded to a plaintiff.  *See Cellectis, SA. v. Precision Biosciences, Inc.*, 858 F.Supp.2d 376, 385 (D. Del. 2012).  Apple incorrectly contends that Plaintiff's choice of forum is entitled to minimal deference because Delaware is not Plaintiff's home turf and Delaware has little connection to this lawsuit.[3]  However, the Third Circuit has held that a plaintiff's choice

---

[3] Apple's reliance on the Federal Circuit's *In re Link-A-Media* decision is misplaced. This Court has explained that *In re Link-A-Media* applies only to cases arising in the 5th Circuit:

> The Federal Circuit's numerous transfer cases arising from the Fifth Circuit are not controlling as the Federal Circuit interprets the law of the Circuit in which the District Court sits. *See In re Link–A–Media Devices Corp.*, 662 F.3d at 1223. The law of the two Circuits in regard to how to conduct a transfer analysis is different in a number of regards. Of greatest relevance, "Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the [transfer] analysis." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed.Cir.2008). As noted earlier, the Third Circuit treats the plaintiff's choice as a factor of

of forum "is a paramount consideration in any determination of a transfer request." *Shutte*, 431 F.2d at 25. Moreover, this Court has recognized that the plaintiff's choice of forum is still given "paramount consideration even where the chosen forum is not the plaintiff's 'home turf' or location of the alleged wrongful conduct." *Carl Zeiss Meditec, Inc. v. Xoft, Inc.,* No. 10-308-CPS-MPT, 2010 WL 4024603, at *2 (D. Del. Oct. 13, 2010) (adopted in full by *Carl Zeiss Meditec, Inc. v. Xoft, Inc*., 2011 WL 5 1212235 (D. Del. Mar. 30, 2011), mandamus denied, *In re Xoft, Inc.*, 435 Fed. Appx. 948 (Fed. Cir. Aug. 17, 2011)); *see Intellectual Ventures I LLC v. Altera Corp.*, 842 F.Supp.2d 744, 755 (D. Del. 2012) (even if not the Plaintiff's "home turf," its choice of Delaware as its preferred forum – having a legitimate and rational basis – is still entitled to deference); *In re ML Lee Acquisition Fund IL L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993) (noting that even if plaintiff has not selected its home turf, "the plaintiffs choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer"). The "home turf" rule is, in fact, part of the balancing of the convenience factors that takes place after affording the plaintiff's choice of forum the paramount consideration it is due. When conducting its transfer analysis, the court considers whether the chosen forum is also inconvenient to the plaintiff when compared with the plaintiffs "home turf." *See Pennwalt Corp. v. Purex Indus., Inc*., 659 F. Supp. 287, 289-90 (D. Del. 1986). The burden even when a plaintiff has not selected its home turf as the forum, remains at all times on the defendant to show that the balance of the convenience and interests of justice weigh strongly in favor of transfer. *Everglades Interactive, LLC v. Playdom, Inc*., No. 10-902-

---

"paramount importance." Additional differences are identified in *Intellectual Ventures I LLC v. Altera Corp.,* 842 F.Supp.2d 744, 761 n. 7 (D.Del.2012).

*Investpic, LLC v. Sas Inst., Inc*., 871 F.Supp.2d 317 n.12 (D.Del. 2012).

SLR, 2011 WL 2294075, at *2 (D. Del. June 8, 2011). Moreover, even without paramount consideration, this Court still affords the plaintiff's choice of forum substantial deference so long as the plaintiff selected the forum for rational, legitimate reasons. *Simms v. Thomson Reuters Tax and Accounting, Inc.*, No. 10-904-LPS, 2011 WL 4501225, at *3 (D. Del. Sept. 28, 2011); *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, No.-199-SLR, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001). As recently explained:

> As a business player in the world's markets, there is no undue burden associated with litigating in Delaware. Moreover, given its international imprint and the national implications of patent litigation - constitutional rights reviewed first by a federal agency and ultimately by a national, not regional, court of appeals - there are no parochial interests that justify transfer.

*Godo Kaisha IP Bridge 1 v. Omnivision Techs., Inc.*, No. 16-290-SLR at *4 (D. Del. Mar. 29, 2017) (denying motion to transfer to the Northern District of California).

A strategic decision to litigate outside of a defendant's home turf to avoid any attendant advantages a defendant might gain can constitute a rational and legitimate reason for litigating in another forum. *See Academisch Ziekenhuis Leiden v. Cardiomems, Inc.*, No. 10-1127, 2011 WL 864911, at *3 (D. Del. Mar. 9, 2011). In the instant case, Delaware is convenient to MEC because of the locations of its potential witnesses. (Driscoll Decl. ¶¶ 2, 5; O'Berry Decl. ¶ 5). Additionally, Plaintiff chose to litigate in Delaware for rational and legitimate reasons. Indeed, Apple itself has chosen to file patent suits in this District. *See*, supra, n.2. At a minimum, Plaintiff wishes to avoid any advantages Apple may have when litigating in the Northern District of California. Accordingly, Plaintiff's choice of forum strongly weighs against transfer.

### 2. Apple's Preferred Forum Is Entitled to Little Weight

Under Third Circuit law, the defendant's preferred forum is not given the same weight as the plaintiff's preference. *Tessera, Inc.*, 2012 WL 1107706, at *4; *Intellectual Ventures*, 842 F.Supp.2d at 755. As explained above, Plaintiff has rational and legitimate reasons for choosing

Delaware as the forum for this lawsuit. Accordingly, Apple's preferred choice of forum is entitled to little weight and only slightly favors transfer.

### 3. Plaintiff's Claims Arose in This District

In the context of patent infringement cases, claims arise where the infringement occurs. *See Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.*, No. 09-920, 2009 WL 3055300, at *2-3 (W.D. Pa. Sept. 21, 2009). This can include both the place where the accused products were made, as well as where they were either sold or offered for sale. *See Robocast, Inc. v. Apple, Inc.*, Nos. 11-235-RGA, 10-1055-RGA, 2012 WL 628010, at *2 (D. Del. Feb. 24, 2012) (citations omitted). In fact, as this Court previously stated when considering another motion to transfer filed by Apple:

> Although the defendant has argued in its briefing that the claim did not arise in Delaware, and that the Apple products that are alleged to infringe were designed, developed and marketed in the Northern District of California, I think the claim that is relevant here is the plaintiffs claim that Apple's products, which are sold and offered for sale all over the United States, including Delaware, infringed its patents. Thus, I think the claims arise in every judicial district. Consequently, this factor has no weight in the balancing.

*Robocast, Inc*., 2012 WL 628010, at *2 (citations omitted).

As such, this factor is given little weight. *Id*. Apple's infringement occurred in every judicial district, including this District. *See Cellectis*, 2012 WL 1556489, at *5 ["If Precision offers to sell or sells any of its allegedly infringing products in Delaware (and there is no indication of record to the contrary), the patent claims at issue can be said to have arisen in Delaware."].[4]

---

[4] When Apple ***opposed*** transfer ***out of*** Delaware in another case, it argued that this factor does ***not*** support transfer:

> Contrary to HTC's suggestions, the actions giving rise to this case are HTC's continued infringement of Apple's patents, not Apple's development of these patents. Apple's claims arose in the District of Delaware as much as in any other district, because infringing activities have occurred here. Because HTC infringes

In addition, the infringing technology involves inductors and Apple's declarant states that Apple did not design or create the accused inductors.  D.I. 57 ¶ 9.  Apple's declarant further explained that the allegedly infringing inductor technology was *not developed in California*, but in Taiwan.  *Id*.  Contrary to what Apple asserts, this factor weighs against transfer or, at best, has no weight.  *See id.; see also, Robocast, Inc.*, 2012 WL 628010, at *2.

### 4.    The Northern District of California Is Not a More Convenient Forum for the Parties

Under *Jumara*, the "convenience of the parties" factor has nothing to do with the convenience of the parties' attorneys and is not even assessed according to the parties' locations or their principal places of business.  Rather, the "convenience of the parties" is considered in the context of "their relative physical and financial condition." *Jumara*, 55 F.3d 879.  Accordingly, a defendant seeking transfer must do more than merely show that another forum is more convenient; instead, it is a defendant's responsibility to prove that litigating in the plaintiff's forum "would pose a ***unique or unusual burden*** on its operations."  *See In re TCW/Camil Holding L.L.C.*, Nos. 03-10717,03-53929, 03-1154-SLR, 2004 WL 1043193, at *1 (D. Del. Apr. 30, 2004) (emphasis added; citations omitted).  As this Court stated when it denied a motion to transfer in *Intel Corp. v. Broadcom Corp.*: [Defendant] is a multi-billion dollar company that does business on an international scale.  Furthermore, the conveniences of modern travel and communication technology have made it more difficult to argue that litigating in a particular forum is inconvenient for the parties and witnesses.  Therefore, to meet its burden [defendant] must "establish that

---

Apple's patents throughout the United States, including Delaware, the location of where the claims arose does not support transfer.

*Apple's Opposition to HTC's Motion to Transfer Venue, Pursuant to 28 U.S.C. § 1404, to the Northern District of California, Apple Inc. v. High Tech Computer Corp.*, 1:10-cv-00544-GMS (D.I. 14) p. 13.

litigating this case in Delaware will pose a 'unique or unusual burden' on [its] business operations." (citations omitted).  It has not done so.  *Intel Corp. v. Broadcom Corp*., 167 F.Supp.2d 692, 706 (D. Del. 2001) (citations omitted).  In terms of convenience to a plaintiff, "the best indicator of a plaintiff's own convenience is the plaintiff's own choice of forum."  *Tessera, Inc*., 2012 WL 1107706, at *4.  Delaware is clearly a convenient forum for Plaintiff as Plaintiff chose this forum to litigate this case.  *See Tessera, Inc*., 2012 WL 1107706, at *4 (holding that the Plaintiffs decision to litigate in Delaware signaled its belief that litigation there was most convenient for it).  Apple's arguments that litigating in Delaware is inconvenient are unpersuasive given Apple's physical and financial condition.  Apple is a global powerhouse.  Apple is within $200 billion of becoming the world's first trillion dollar company.[5]  MEC Resources, on the other hand, is a small company that had no revenue in 2016 or 2017. (Driscoll Decl. ¶ 8).  When this Court denied a Motion to Transfer Venue filed by Apple against a company that, similar to MEC Resources, was significantly smaller than Apple, the Court stated:

> Apple is omnipresent in everyday life. It is a large and powerful corporation. Robocast consists of its President and two employees.  Its founder was at the oral argument on the present motion. Its financial condition pales in comparison to that of Apple.  Ten years ago, it had twenty-two employees. While Robocast's primary enterprise today may be litigation, there is little reason to believe that its pockets are deep.  "We could not even afford to file this lawsuit, except on a contingency basis."  There is no reason to doubt that if this litigation turns into a war of attrition, Apple will have the upper hand. I think this factor significantly disfavors transfer.

*Robocast, Inc*., 2012 WL 628010, at *2 (citations omitted).

In the instant case, Apple has failed to identify any reasons as to why litigating in Delaware would pose unique or financial burdens on its operations.  Further demonstrating the convenience

---

[5] Katz Decl. ¶ 2, Ex. 1.  *Apple Could Be World's First Trillion Dollar Company*, August 31, 2017, FoxNews.com *available at* http://www.foxnews.com/tech/2017/08/31/apple-could-be-worlds-first-trillion-dollar-company.html.

of this forum, Apple has chosen to bring multiple patent infringement cases in this District.[6]  Given Apple's physical and financial condition, Apple's failure to identify any unique or unusual burdens, financial or otherwise, that litigating in Delaware would impose on its operations, and the fact that this forum is convenient for Plaintiff, this factor weighs strongly against transfer.  *See, e.g., Apple, Inc. v. High Tech Computer Corp.*, Nos. 10-166-GMS, 10-167-GMS, 2011 WL 124446, at *3 (D. Del. Jan. 14, 2011) (denying a motion to transfer venue noting the defendant's failure to demonstrate a specific physical or financial condition that would make litigating against Apple in Delaware burdensome).  Accordingly, this factor weighs heavily against transfer.

### 5.    The Northern District of California Is Not a More Convenient Forum for Non-Party Witnesses

Under *Jumara*, the convenience of witnesses is only to be considered to the extent that a witness would be unavailable for trial in the forum.  *Jumara*, 55 F.3d at 879; *Tessera, Inc.*, 2012 WL 1107706, at *5.  "Party witnesses are not considered part of this analysis because party witnesses are presumed to be willing to testify at trial no matter the inconvenience." *Tessera, Inc.*, 2012 WL 1107706, at *5. (citing *Intellectual Ventures*, 2012 WL 297720, at *9).  The only witnesses considered in this analysis are non-party witnesses outside of the Court's subpoena power.  *Tessera, Inc.*, 2012 WL 1107706, at *5 (citing *Pub. Util. Serv. Corp. v. Leggett & Platt, Inc.*, No. 08-1860, 2008 WL 4610241, at *4 (E.D. Pa. Oct.16, 2008)).  "In weighing this factor, courts also assess the importance of the witness and whether the witness possesses relevant, noncumulative information." *Id.* (citing *Falu-Rodriguez v. Democracia USA, Inc.*, No. 10-3811, 2011 WL 31400, at *3 (E.D. Pa. Jan. 5, 2011)).

---

[6] *See, e.g., Apple Inc. v. HTC Corporation, et al*, No. 1:2012-cv-01004;  *Apple Inc. v. HTC Corporation, et al,* No. 1:2011-cv-00611; *Apple Inc. v. High Tech Computer Corp.*, 1:2010-cv-00167; *Apple, Inc. v. Atico Int'l USA, Inc.*, No. 1:08-cv-00283.

The defendant bears the burden of showing both the unavailability of a particular witness and that witness' importance to the defendant's case. *Tessera, Inc*., 2012 WL 1107706, at *6. "With respect to the former, while a showing that a non-party witness is outside the Court's subpoena power is a necessary predicate for, and supports, a finding of unavailability, courts have recognized that third-party fact witnesses may voluntarily be willing to appear at trial and that a particularized assessment of a witness' availability is appropriate." *Id*. (citing *Intellectual Ventures*, 2012 WL 297720, at *11). It should be noted that for cases that actually get to trial, only a handful of witnesses testify live. *Everglades Interactive*, 2011 WL 2294075, at *3. Additionally, this Court has held that a flight to Delaware is not an onerous task for a third-party witness that warrants transfer. *See Carl Zeiss Meditec, Inc. v. Optovue, Inc*., No. 1 0-084-GMS, 2011 WL 1419714, at *3 (D. Del. Apr. 13, 2011). Moreover, Apple has not asserted that any potential witnesses would be unavailable to participate in trial. From a practical perspective, if any witness is actually unavailable to travel to Delaware for trial, his or her testimony could easily be presented via videographic means.

### a)   The Availability of Compulsory Process Weighs Against Transfer

Apple has identified the inventors of the patent-in-suit, former assignees of the patent-in-suit, and the attorney who prosecuted the patent as potential third-party witnesses in this case. (D.I. 56, p. 13). However, Apple has failed to offer any showing that any of these potential witnesses would be unwilling or unavailable to attend trial in Delaware. Apple also does not identify any third-party witness who would be "willing" to testify at trial. Apple identifies just one non-party witness that resides in the United States — W. Wayne Liauh, the attorney who prosecuted the

patent application over fifteen years ago.[7]  All other non-party witnesses identified by Apple reside

overseas.  Apple has not explained the importance of any of these witnesses to the case.  Only one

district, the District of Hawaii, would have absolute subpoena power over any non-party witnesses

(and only for Mr. Liauh).  Under Rule 45(c)(1)(A), neither this Court nor the Northern District of

California may command Mr. Liauh or any other identified non-party witnesses to attend trial.  But

both courts can compel testimony by deposition.  Fed. R. Civ. P. 45(a)(2), 45(c)(1)(A).  In terms

of deposing witnesses, MEC and Apple will likely reach an agreement on the location of any third-

party depositions.  *See Academisch Ziekenhuis*, No. 10-1127, 2011 WL 864911 at *5.  In any case,

it is apparent that the identity and location of the third-party witnesses are speculative at this stage

in the litigation.  Thus, this factor is neutral.

### b)      The Cost of Attendance at Trial for Willing Non-Party Witnesses Weighs Against Transfer

To the extent that any non-party witness would be "willing" to testify at trial, they would

be required to travel to the San Francisco or Wilmington area.  The non-party witnesses identified

by Apple do not reside in either District, and would be required to travel in any case.  Given the

realities of trial, such witnesses will certainly incur travel expenses.  Those expenses as related to

both meals and lodging will be unarguably and substantially higher in San Francisco than in

Wilmington.[8]  This factor weighs against transfer.

### 6.      The Location of Books and Records Does Not Support Transfer

Third Circuit law is clear that the location of books and records is only material to the

extent that the files could not be produced in Delaware.  *See Jumara*, 55 F.3d at 879; *Tessera, Inc.*,

---

[7] As shown on the face of the patent-in-suit, the application was filed on May 3, 1999 and the patent was issued on October 24, 2000.  *See* D.I. 1-1.

[8] The GSA FY 2017 per diem rates for lodging and meals for San Francisco and Wilmington are $267 and $124 respectively.  (Katz Decl. ¶ 4, Ex. 3.)  *See* http://www.gsa.gov/portal/category/100120, accessed September 9, 2017.

2012 WL 1107706, at *8; *Robocast, Inc.*, 2012 WL 628010, at *3; *Xoft, Inc.*, 2010 WL 4024603, at * 10.  While Courts should not ignore this factor entirely, "it is often irrelevant today because of 'recent technological advances' that enable the documents at issue in the litigation to be readily produced in even a distant forum." *Tessera, Inc.*, 2012 WL 1107706, at * 8 (citing *Intellectual Ventures*, 2012 WL 297720, at *11).[9]  This aspect does not favor transfer because (1) Apple does not allege that any "hardcopy" documents are physically located in California; and (2) Apple does not state that documents stored on its computers are not electronically accessible from Delaware.  In particular, Apple has "not identified any particular piece of evidence or document that would be especially difficult to transport to Delaware."  *Cypress Semiconductor*, 2001 WL 1617186, at *4.  In fact, as this Court previously noted when denying a motion to transfer venue, "[i]n this electronic age, there are no substantial burdens associated with discovery or witness availability that support the need for transfer. With respect to discovery, documents generally are stored, transferred and reviewed electronically."  *NETGEAR, Inc. v. Ruckus Wireless, Inc.*, No. 10-999-SLR, 2011 WL 3236043, at *4 (D. Del. July 28, 2011).  Additionally, for cases that get to trial, only a very small portion of those documents produced in discovery are used as trial exhibits.  *Everglades Interactive, LLC*, 2011 WL 2294075, at *3.  Apple has not offered any evidence suggesting that books and records could not be produced in Delaware and cannot establish that this factor strongly weighs in favor of a transfer.  As such, this factor is, at best, neutral.

---

[9] Plaintiff's books and records are located in New Town, North Dakota.  (Driscoll Decl. ¶ 6; O'Berry Decl. ¶ 6).

### C.      The Public Interest Factors Weigh Strongly Against Transfer

#### 1.      The Enforceability of the Judgment Does Not Support Transfer

Any judgment rendered in this case would be enforceable in either the District of Delaware or the Northern District of California.  Apple concedes, and MEC agrees, that this factor is neutral. (D.I. 56 p. 15 n.6).

#### 2.      Practical Considerations Weigh Heavily Against Transfer

For purposes of a transfer analysis, practical considerations are those considerations which "make trial easy, expeditious or inexpensive." *Jumara*, 55 F.3d at 879.  A transfer of the case would create significant delay to the parties in getting back on schedule for a trial date in the transferee district.  The parties have already initiated discovery and submitted a proposed case schedule.  Motions to transfer can often disrupt and stall litigation, increasing costs and adding years to the time of final resolution of the dispute.  As such, this factor overwhelmingly weighs against transfer.

#### 3.      Court Congestion Does Not Support Transfer

As part of the transfer analysis, a Court may consider the administrative difficulty in the two fora resulting from court congestion.  *Jumara*, 55 F.3d at 879.  Delaware Courts, however, have not been persuaded that any disparities in court congestion favor a transfer.  *See, e.g., Textron Innovations, Inc. v. The Taro Co*., No. 05-486, 2005 WL 2620196, at *3 (D. Del. Oct. 14, 2005) ("[T]he court is not persuaded that any disparity in court congestion, to the extent there is any, will be so great as to weigh strongly in favor of a transfer."); *Intellectual Ventures*, 842 F.Supp.2d at 760.  In addition, the total time to trial would likely be much longer than average if this case were transferred because it would have to start behind other litigants in the transferee district.

Trial is less than one year away.  It is unlikely – if not impossible – that a District Judge in California will be able to receive this case (if transferred), set a scheduling conference, and provide

15

the parties with *Markman* and jury selection dates anywhere close to those that will be applied in this District.  Accordingly, this factor weighs heavily against transfer.

### 4.    The Northern District of California's Interest in This Case Does Not Outweigh This District's Interest

In patent litigation, the local interest factor is typically neutral "because patent issues do not give rise to a local controversy or implicate local interests."  *Intellectual Ventures*, 842 F.Supp.2d at 760 (citing *TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F.Supp.2d 635, 643 (D. Del. 2008); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009); *Praxair Inc. v. ATMI, Inc.*, No. 03-1158-SLR, 2004 WL 883395, at *2 (D. Del. Apr. 20, 2004)); *see Cellectis*, 2012 WL 1556489, at *7.  Apple contends that the Northern District of California has a substantial interest in litigating this dispute as Apple has been located there since 1976.  The fact that Apple has a long history in California, however, does not make the claim that Apple is infringing the patent of a North Dakota company (MEC) into a California controversy.  *See, e.g., Robocast, Inc.*, 2012 WL 628010, at *4 ("Apple is a major employer in the Northern District of California, but I do not think that makes the claim that Apple is infringing the patent of a Delaware company with a principal place of business in New York into a local California controversy.").  This case does not involve a local California controversy and, as such, this factor is neutral at best.  *See Robocast, Inc.*, 2012 WL 628010, at *4.

### 5.    Public Policies of the For a Do Not Support Transfer

Apple concedes, and MEC agrees, that this factor is neutral.  (*See* D.I. 56 p. 15 n.6).

### 6.    The Court's Familiarity of Relevant State Law in Diversity Cases is Not Relevant In This Case

This is not a diversity case.  Apple concedes, and MEC agrees, that this factor is neutral. (*See* D.I. 56 p. 15 n.6).

## VI.    CONCLUSION

Under Third Circuit law, both the private interest factors and the public interest factors in this case weigh strongly, if not overwhelmingly, against transfer.  Because Apple has failed to carry its burden of showing that the balance of the factors strongly favors disturbing Plaintiff's choice of forum, Apple's Motion to Transfer should be denied.


DATED: September 12, 2017                    Respectfully submitted,


                                             /s/ *George Pazuniak*
                                             George Pazuniak (DE Bar No. 00478)
                                             O'KELLY ERNST & JOYCE, LLC
                                             901 North Market Street, Suite 1000
                                             Wilmington, DE 19801
                                             Phone: (302) 478-4230
                                             Fax: (302) 295-2873
                                             gp@del-iplaw.com

                                             *ATTORNEYS FOR PLAINTIFF*
                                             *MEC RESOURCES, LLC*